UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| LORI WAGNER, individually and on behalf of all others similarly situated, )))) | |
| )  Plaintiff, ) | Civil Action No. 5:14-cv-176-JMH |
| ) v. ) ) | **MEMORANDUM OPINION AND ORDER** |
| TEAM HEALTH HOLDINGS, INC., ) ) Defendant. ) | |

\*\*\*

This matter is before the Court upon Defendant's Motion to Dismiss [D.E. 10] and Plaintiff's Motion to Remand. [D.E. 11]. The motions being fully briefed, and the Court being otherwise sufficiently advised, these motions are now ripe for review.

**I. Procedural Background**

Plaintiff, individually and on behalf of all others similarly situated, filed her complaint on April 10, 2014 in Fayette Circuit Court. [D.E. 1-1 at 4]. Plaintiff made claims of breach of contract, conversion, violation of KRS 337.385, fraud and fraud in the inducement, negligence, and a claim for punitive damages. [D.E. 1-1 at 7-13]. On May 5, 2014, Defendant filed a Notice of Removal, alleging the Court has jurisdiction based upon federal-question jurisdiction and the Class Action Fairness Act (CAFA). [D.E. 1]. On May 7, 2014, Defendant made a motion to reassign the matter to the undersigned, which was

granted on May 8, 2014. [D.E. 7]. On May 27, 2014, Defendant filed a Motion to Dismiss, [D.E. 10], and, on June 4, 2014, Plaintiff filed a Motion to Remand. [D.E. 11].

**II. Standard of Review**

**A. Plaintiff's Motion to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *Id.* § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

> question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption. . . ." *Id.* at 393 (alteration in original). However, "[o]n occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983)).

"The party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)). "The removal petition is to be strictly

construed, with all doubts resolved against removal." *Id.* (citations omitted).

**B. Defendant's Motion to Dismiss**

A party may present the defense of failure to state a claim upon which relief can be granted through motion. Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and must accept as true "well-pleaded facts" set forth in the complaint. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997) (citations omitted). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim to relief that is plausible on its face," then the claims must be dismissed. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 542 (6th Cir. 2007). Further, the complaint must establish "enough fact to raise a reasonable expectation that discovery will reveal evidence" to show the averments are factually plausible. *Twombly,* 550 U.S. at 556. While the Court presumes all factual

allegations to be true and makes all reasonable inferences in favor of Plaintiffs, the Court does not have to "accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). If the "complaint does not contain any factual allegation sufficient to plausibly suggest" each essential element of the averred violation, it does not contain enough factual content to nudge the claim across the line from conceivable to plausible, and must be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 680-83 (2009).

**III. Analysis**

The parties' motions focus on the nature of Plaintiff's claims and how they relate to two cases previously before this Court. Therefore, to properly account for the parties' arguments, a short history of these cases must be recounted. In the first of the cases, *Berera v. Mesa Medical Group, PLLC*, the Court determined that Berera's state law claims amounted to a tax refund suit, which was preempted by 26 U.S.C. § 7422 and required Berera to seek recovery before the Internal Revenue Service (IRS). *Berera v. Mesa Medical Group, PLLC*, No. 5:13-cv-294-JMH (E.D. Ky.), at [D.E. 20]. In the second of the cases, *Ednacot v. Mesa Medical Group, PLLC*, the Court determined that Ednacot's state law claims sought recovery of federal taxes excessively withheld, as well as claims for recovery of state

5

taxes and employee expenses excessively withheld. Thus, the Court dismissed the claims relating to federal taxes, finding they should be pursued before the IRS, and remanded the claims related to state taxes and employee expenses. *Ednacot v. Mesa Medical Group, PLLC*, No. 5:14-cv-96-JMH (E.D. Ky. 2014), at [D.E. 24]. These cases did not involve either party currently before the Court. As Plaintiff unequivocally states in its filings that the claims currently before the Court have no relation to the claims made against Mesa and seek recovery for actions taken after the alleged tortious activity of Mesa, the Court has no basis for federal jurisdiction because Plaintiff's well-pleaded complaint states only state law causes of action. Accordingly, for the reasons which follow, the Court lacks jurisdiction and must remand.

**A. Motion to Remand**

**1. Federal-Question Jurisdiction**

The face of the well-pleaded complaint, taken with Plaintiff's assertions in her filings before this Court, does not present a basis for this Court to assert federal-question jurisdiction. "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). A matter may not be removed to federal court on the

6

basis of a federal defense, but "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. at 393. Defendant contends that Plaintiff's state law claims are preempted by 26 U.S.C. § 7422, and therefore, this Court has federal-question jurisdiction.

Defendant's argument that Plaintiff's claims are completely preempted by § 7422 is based upon Defendant's contention that Plaintiff's claims seek recovery for claims previously dismissed by this Court in *Berera v. Mesa Medical Group, PLLC*, No. 5:13-cv-294-JMH, and *Ednacot v. Mesa Medical Group, PLLC*, 5:14-cv-96-JMH. The plaintiffs in *Berera* and *Ednacot* sought recovery for wages allegedly withheld from their paychecks by Mesa. In those cases, it was alleged that the excessive withholding was equal to Mesa's federal payroll tax obligations. Thus, this Court reasoned that the plaintiffs were seeking a tax refund because it was alleged that the full 15.3% of FICA taxes, rather than the legally prescribed 7.65%, was being withheld from the plaintiffs' paychecks. Section 7422 completely preempts state law claims seeking a tax refund, and requires a party to file a claim for a tax refund with the IRS before seeking relief in a United States court. *See* 26 U.S.C. § 7422. Accordingly, the

Court dismissed all of the plaintiffs' state law claims seeking a federal tax refund.

Unlike *Berera* and *Ednacot*, Plaintiff does not argue, and there is no evidence, that Plaintiff is seeking to recover excessive federal tax withholdings. Defendant argues that the Complaint shows Plaintiff is essentially seeking to recover monies withheld by Mesa. The Complaint itself is unclear on this point. However, the filings before this Court make clear that Plaintiff is only attempting to recover damages after a contract addendum Defendant presented to Plaintiff and other former Mesa employees on March 24, 2014. [D.E. 11 at 12] ("[T]he tortious conduct that is the subject of this action began at the delivery of the contract addendum on March 24, 2014."); [D.E. 11 at 19] ("Wagner is filing suit for the actions occurring after the FICA adjustment ceased."); [D.E. 11 at 33] ("Wagner is not asking Team Health to bear responsibility for MESA's massive wage conversion.").

Essentially, all of Plaintiff's claims seek to recover for a breach of contract. According to Plaintiff, she is attempting to recover only the difference in wages between the contractually agreed upon rate in the original employment contract with Mesa and the rate included in the contract addendum with Team Health. *See* [D.E. 12 at 4] ("Team Health breached the terms of the contract by unilaterally reducing the

contractual amount through a mandatory contract addendum."). In fact, as noted above, Plaintiff went as far as to state that she "is filing suit for the actions occurring after the FICA adjustment ceased." [D.E. 11 at 33]. Thus, according to Plaintiff's allegations, she is not seeking to recover excessively withheld taxes. Rather, Team Health was properly accounting for all taxes, but the wage being taxed was lower than that contractually agreed upon. Therefore, unlike *Berera* and *Ednacot*, this Court has no basis to find that Plaintiff seeks the recovery of excessively withheld federal taxes. In *Berera* and *Ednacot*, the plaintiffs explicitly argued that they were seeking recovery of taxes. That is not the case here. Thus, the Court finds that this is a breach of contract action properly governed by state law. Therefore, the Court does not have federal-question jurisdiction over this action.

**2. CAFA Jurisdiction**

Defendants also argue that the Court has jurisdiction pursuant to CAFA, contained in 28 U.S.C. § 1332. In this action, jurisdiction will exist under CAFA if the amount in controversy exceeds $5 million, any member of the class of Plaintiffs is a citizen of a state that is different than the state in which Defendant resides, and there are at least 100 members in the class. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

Without discussing the other requirements, the Court finds that the amount in controversy has not been proved by a preponderance of the evidence. *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007) ("CAFA does not alter the fact that the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met." (quoting *Brown v. Jackson Hewitt, Inc.*, No. 1:06-cv-2632, 2007 WL 642011, at *2 (N.D. Ohio Feb. 27, 2007) (internal quotation marks omitted))). Defendant attempts to prove the amount of damages by relying on an affidavit sworn by Mesa's Chief Executive Officer, Lawrence Kraska, and produced in the *Berera* and *Ednacot* matters. [D.E. 13 at 22-23]. However, Plaintiff claims that this document will not be used to support her damage calculation. [D.E. 11 at 21] ("The damages from this fraudulent misrepresentation are measured in terms of Plaintiffs' resulting economic loss, not the figures in the Kraska affidavit."). Rather, Plaintiff claims, this affidavit was submitted to the Court to provide background information. Because the Kraska affidavit was sworn on September 9, 2013, [D.E. 1-1 at 16], and Plaintiff asserts she is only seeking damages after the March 24, 2014 contract addendum presented by Team Health, the Kraska affidavit, concerning only actions taken by Mesa, would appear to be irrelevant to this action. Thus, based on Plaintiff's statements before this Court,

the amount Mesa may or may not have excessively withheld from its employees' paychecks is irrelevant to the matter at hand. [D.E. 11 at 33] ("Wagner is not asking Team Health to bear responsibility for MESA's massive wage conversion."). The Kraska affidavit is the only evidence Defendant has provided to prove the amount in controversy. Accordingly, the Court cannot find, by a preponderance of the evidence, that the class action seeks damages exceeding $5 million, and the Court cannot assert jurisdiction over this matter pursuant to CAFA. *See Ramsey v. Kearns*, No. 12-cv-06-ART, 2012 WL 602812, at *1 (E.D. Ky. Feb. 23, 2012) ("A defendant's claims of the amount in controversy must be supported by competent proof, which can include affidavits, documents, or interrogatories." (internal quotation marks omitted) (citations omitted))).

Therefore, the Court finds that, at this time, the case is not removable because there is no evidence that the Court has jurisdiction over Plaintiff's claims. In short, Defendant sought to remove before it became apparent that this particular case was removable. If at any time Plaintiff seeks to recover excessively withheld federal payroll taxes, either from a time after the contract addendum of March 24, 2014 or for monies allegedly withheld by Mesa, or if it becomes apparent that CAFA jurisdiction exists, Defendant can re-file a notice of removal.

> The removal clock has not yet started to tick for [Defendant]. Therefore, by remanding this case, the Court has not deprived [Defendant] of its only opportunity to remove the case to federal Court. [Defendant] will get another bite at the apple if and when the evidence it obtains during discovery in the state court reveals that [federal-question or CAFA jurisdiction exists].

*May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 953 (E.D. Ky. 2010).

Contrary to Plaintiff's allegations that ordinary diversity jurisdiction has been waived, the Court also finds that the removal clock has not started to tick for ordinary diversity jurisdiction. Plaintiff's complaint does not state the amount of damages she seeks, [D.E. 1-1 at 4-14], and because Defendant filed its notice of removal before any discovery could take place, it has not yet become apparent that the amount in controversy exceeds $75,000. Plaintiff alleges that the tortious conduct started on March 24, 2014, *see, e.g.*, [D.E. 11 at 12], and that the Kraska affidavit is not being used to support a damages calculation. [D.E. 11 at 20]. Thus, there has not been "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Accordingly, the removal clock has not yet begun to tick. *See May*, 751 F. Supp. 2d at 953 ("In other words, the 30-day clock stands still 'until the defendant receives discovery responses

showing that the amount in controversy exceeds the jurisdictional amount.'" (quoting *King v. Household Fin. Corp. II*, 593 F. Supp. 2d. 958, 960 n.2 (E.D. Ky. 2009))).

**B. Motion to Dismiss**

As the Court has no basis to assert jurisdiction over this matter, Defendant's Motion to Dismiss must be denied as moot. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) ("[W]e are bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction.").

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's Motion to Remand [D.E. 11] be, and the same hereby is, **GRANTED**;

(2) that Defendant's Motion to Dismiss [D.E. 10] be, and the same hereby is, **DENIED AS MOOT**;

(3) that this matter be, and the same hereby is, **REMANDED** to the Fayette Circuit Court.

This the 21st day of July, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge